# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN GAMBOA,<br><br>    Respondent. | Case No.: 1:21-cv-00649-AWI-JLT (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE A SECOND AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on April 19, 2021. (Doc. 1.) A preliminary screening of the petition revealed that the petition failed to present any cognizable grounds for relief or any facts in support and failed to demonstrate exhaustion of state remedies. Therefore, the Court dismissed the petition with leave to file an amended petition. (Doc. 4.) On May 20, 2021, Petitioner filed a first amended petition. (Doc. 7.) After conducting a preliminary screening, the Court finds that the petition still fails to state a cognizable federal claim for relief and fails to demonstrate exhaustion of state remedies, as the petition is largely duplicative of the previous filing. Therefore, the Court will dismiss the amended petition and direct Petitioner to file a second amended petition.

**I.    DISCUSSION**

    A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

1

review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.    Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner's amended petition is largely a duplicate of the previous filing. (See Doc. 7.) Petitioner has failed to comply with Rule 2(c) by failing to specify the grounds for relief or the facts

2

supporting his claims. Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, the amended petition fails to present a cognizable claim for relief and must be dismissed.

C.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner fails to indicate for each of his claims whether he has previously raised the issues and provided the highest state court with a full and fair opportunity to consider the claims. If he has not, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). In his amended petition, Petitioner again references attached exhibits, however, Petitioner fails to sufficiently demonstrate exhaustion. (See Doc. 7.) The Court cannot consider a petition that is entirely unexhausted. Rose, 455 U.S. at 521-22. If in fact Petitioner has fully exhausted his claims, he must so indicate in his amended petition.

Petitioner will be granted an opportunity to file a Second Amended Petition curing these deficiencies. Petitioner is advised that he should caption his pleading, "Second Amended Petition,"

3

and he should reference the instant case number.

## II. ORDER

Accordingly, the Court **ORDERS**:

1) The First Amended Petition is DISMISSED WITHOUT PREJUDICE for failure to state a claim and failure to exhaust state remedies; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a Second Amended Petition.

**Petitioner is forewarned that his failure to comply with this order may result in an order of dismissal or a recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **June 7, 2021**      **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE