# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. GONZALEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN GAMBOA,<br><br>　　　　Respondent. | Case No.: 1:21-cv-00649-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

　　　　Petitioner filed a Petition for Writ of Habeas Corpus on April 19, 2021. (Doc. 1.) A preliminary screening of the petition revealed that the petition failed to present any cognizable grounds for relief or any facts in support and failed to demonstrate exhaustion of state remedies. Therefore, the Court dismissed the petition with leave to file an amended petition. (Doc. 4.) On May 20, 2021, Petitioner filed a first amended petition. (Doc. 7.) The amended petition still failed to state a cognizable federal claim for relief and failed to demonstrate exhaustion of state remedies, as the petition was largely duplicative of the previous filing. Accordingly, the Court dismissed the amended petition and directed Petitioner to file a second amended petition. (Doc. 8.) On July 8, 2021, Petitioner filed a second amended petition. (Doc. 9.) The second amended petition does not cure the deficiencies. Accordingly, the Court will recommend it be DISMISSED.

///

///

1

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

# DISCUSSION

A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.    <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

2

Like the initial petition and first amended petition, the second amended petition fails to comply with § 2254 and Rule 2(c) by failing to specify the grounds for relief or the facts supporting his claims. Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). The second amended petition fails to present a cognizable claim for relief. Petitioner's statements are vague and unclear such that the Court cannot discern a claim for relief. For example, it appears Petitioner may be attempting to make a claim for insufficient evidence. However, he does not clearly state the facts in support of his claim. Petitioner further fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, the second amended petition fails to present a cognizable claim for relief and must be dismissed.

C.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner fails to indicate for each of his claims whether he has previously raised the issues and provided the highest state court with a full and fair opportunity to consider the claims. If he has not, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). In his second amended petition, Petitioner fails to

3

specify the grounds for relief and fails to sufficiently demonstrate exhaustion.  The Court cannot consider a petition that is entirely unexhausted.  Rose, 455 U.S. at 521-22.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, the petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 26, 2021**                    **/s/ Jennifer L. Thurston**
                                             CHIEF UNITED STATES MAGISTRATE JUDGE